## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVSION

| | | |
|---|---|---|
| QUEEN BOYKIN | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. |
| | * | 1:18-cv-00281-WS-MU |
| HOME CHOICE OF ALABAMA, INC. | * | |
| d/b/a SPRINGHILL HOME HEALTH | * | |
| AND HOSPICE, | * | |
| | * | |
| Defendant. | * | JURY DEMAND |

## AMENDED COMPLAINT

### I.　　INTRODUCTION

**1.**　　This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of the Americans with Disabilities Act, Title 42 U.S.C. § 12101, *et seq*., (hereinafter "ADA"); and violations of the Family Medical Leave Act of 1993 ("FMLA", 29 U.S.C. § 2601, *et seq*.  The Plaintiff seeks compensatory damages, punitive damages, liquidated damages (FMLA), and attorneys' fees and costs, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

1

## II.   JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1331, 1343(a)(4); 22 U.S.C §§ 2201, 2202; 29 U. S. C. § 794a, and 42 U.S.C. § 12133.

3. The unlawful employment practices alleged hereinbelow were committed by the Defendant within Mobile County, Alabama. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Prior to filing this civil action, the Plaintiff timely filed a written charge asserting disability discrimination with the Equal Employment Opportunity Commission.

5. On April 11, 2018, the EEOC issued Ms. Boykin a Notice of Right to Sue, and she files this action within 90 days of receipt of her Right to Sue letter.

6. The plaintiff has exhausted and satisfied all administrative remedies and prerequisites prior to the filing of this action.

## IV.   PARTIES

7. Plaintiff, Queen Boykin, (hereinafter "Plaintiff or "Boykin"), is a female citizen of the United States and resident of the State of Alabama

8. Plaintiff was an eligible employee under the FMLA in that she worked for Defendant for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed within a 75 mile radius.

9. Plaintiff is also a qualified individual under 42 U.S.C. § 12112(b)(4) as she is the mother and primary care taker of her adult son who is 18 years of age or older and incapable of self-care because of a mental or physical disability. Her son's medical conditions/disabilities require ongoing medical attention and treatment and Plaintiff is needed to care for her son.

10. Plaintiff's son is a person with a disability in that he has physical and/or mental impairments which substantially limit one or more of his major life activities. Plaintiff's son is also perceived as having a disability which substantially limits his major life activities and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

11. Home Choice of Alabama, Inc., d/b/a Springhill Home Health & Hospice ("Home Choice"), Defendant herein, is a business that provides medical assistance to aged and infirm individuals. Home Choice is a business operating in the Southern District of Alabama.

12. Defendant is an employer pursuant to 42 U.S.C. § 12111(5); an employer within the meaning of 42 U.S.C. § 2000d(a) and (b); and is a covered employer pursuant to 29 U.S.C. § 2611(4).

## V.  STATEMENT OF FACTS

13. Plaintiff was hired in June, 1997, as an LPN by Springhill Home Health, which later sold to Home Choice. She remained in that position until her termination on April 4, 2017.

14. At the time of Plaintiff's termination her supervision was Wanda Crenshaw (Clinical Nurse Supervisor), Diane Shultz (Clinical Nurse Supervisor), Wanda Milstid (Director of Nursing), and Bob Hale (Director of Operations and Administration). Milstid became the Director of Nursing in or around November 2016.

15. Prior to her termination, Plaintiff had never received any discipline from the Defendant.

16. Plaintiff's daily work schedule with the Defendant began at 8:00 a.m.

17. Plaintiff is the principle caretaker and is needed to care for her dependent adult son, who suffers from permanent brain injury as a result of a car accident. Her son's medical condition/disability requires specific care and renders him incapable of self-care because of a mental or physical disability. As a result, her son required rehabilitation which he received twice a week with Easter Seals.

18.     The Easter Seals program did not open until 8:00 a.m. On the days that Plaintiff had to take her son to his rehabilitation appointments she would arrive at work up to fifteen minutes late. On these days Plaintiff would also leave work fifteen to thirty minutes early at the end of her shift in order to pick her son up from his rehabilitation appointments. On the days that Plaintiff arrived late to work and left early, she worked through lunch to make up her missed time. The Administrator preceding Milstid had been aware of the situation and approved this schedule accommodation.

19.     During the Plaintiff's employment, her supervision – including Crenshaw, Milstid, Hale, and Shultz – was aware of her son's disability/perceived disability/history of a disability, and/or of his need for ongoing medical attention, treatment, and of Plaintiff's need to care for her son due to his incapability of self-care because of a mental or physical disability.

20.     Plaintiff informed Crenshaw and Shultz that she came in late on the days that she had to drop her son off at Easter Seals due to his medical condition and that Easter Seals did not open until 8:00 a.m.

21.     Administrator Milstid was made aware of the Plaintiff's son's condition and of her need to take time off intermittently in order to take her son to/from his rehabilitation appointments due to the Plaintiff's need to care for her son due to his incapability of self-care because of a mental or physical disability.

22. However, Plaintiff was never offered FMLA by anyone in the company, despite its knowledge of Plaintiff's need to take off time intermittently in order to care for her son's serious medical condition and/or disability.

23. On the day of the Plaintiff's termination, Milstid informed Plaintiff that she should not be allowed to take intermittent time off for the medical care of her son and that they were "tired" of the Plaintiff coming in at 8:15 a.m.

24. On April 4, 2017, Milstid terminated Plaintiff, allegedly for submitting an incorrect time sheet. Plaintiff had made an inadvertent error for two days on her time sheet during one time period. Plaintiff had never previously made such an error.

25. During her termination meeting, Milstid told Plaintiff that she should have listed her "late" arrivals on her time sheet and that Crenshaw had complained of Plaintiff's tardiness.

26. The Defendant's time keeping system automatically deducts employee time for lunch. Since Plaintiff routinely worked through lunch without a break on the days she took her son for his rehabilitation treatment, she did not note the late and early arrivals.

27. Plaintiff's supervisors were all aware of this practice and no one in the Defendant, including Crenshaw, had ever cautioned the Plaintiff about this practice despite the years during which she had had her schedule accommodated in order to take her son for his medical rehabilitation.

28. The Defendant intentionally and maliciously discriminated against the Plaintiff on the basis of the Plaintiff's relationship and association with an individual with a disability by subjecting her to disparate treatment and termination.

29. The Defendant discriminated/retaliated against Plaintiff for asserting her federally protected rights under the FMLA by subjecting her to disparate treatment and termination as a direct result of her need for FMLA leave.

30. The Defendant also interfered with the Plaintiff's federally protected rights under the FMLA by failing to provide Plaintiff with FMLA paperwork, by failing to provide her with information of her rights under the FMLA, and by subjecting her to disparate treatment and by terminating her employment as a direct result of her need for FMLA leave.

31. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights under the FMLA.

32. The Defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

33. As a result of the Defendant's conduct, the Plaintiff was deprived of income and other employment benefits due her. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

35. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.   CAUSES OF ACTION

### COUNT I

### ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE I AND § 12112(b)(4) AND § 12203

36. Plaintiff alleges and incorporates by reference the foregoing paragraphs with the same force and effect as if fully set out in specific detail hereinbelow.

37. Plaintiff is a qualified individual under the ADA because of the known disability of her son to whom she had a relationship and association as mother and care taker under the meaning of 42 U.S.C. § 12112(b)(4).

38. The plaintiff's son is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

39. Despite the disability of the plaintiff's son, with or without reasonable accommodation, the Plaintiff was able to perform the essential functions of her job.

40. Plaintiff was subjected to adverse employment actions by the Defendant including, but not limited to: (1) disparate treatment, (2) unwarranted discipline, and/or (3) termination.

41. At the time of these adverse employment actions, the Plaintiff was qualified for the job she performed.

42. At the time of these adverse employment actions, the Defendant had knowledge that the Plaintiff had a relative with a disability.

43. The adverse employment actions occurred under circumstances which raise a reasonable inference that the disability of plaintiff's son was a determining factor in Defendant's decisions to take said adverse actions against Plaintiff.

44. The Defendant limited and classified the Plaintiff in a manner which adversely affected her employment opportunities and status because of her relationship and association with an individual with a disability.

45. Defendant, by its discriminatory treatment of the Plaintiff, has intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of her federal statutory and constitutional rights, as described herein.  This deprivation violates Plaintiff's rights under the Americans with Disabilities Act.

46. The Defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

47. As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due her. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

48. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

49. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II

### INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

50. Plaintiff reavers and realleges the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

51. As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed within a 75 mile radius.

52. Plaintiff is a qualified individual under 42 U.S.C. § 12112(b)(4) as she

is the mother and primary care taker of her adult son who is 18 years of age or older and incapable of self-care because of a mental or physical disability. Her son's medical conditions/disabilities require ongoing medical attention and treatment and Plaintiff is needed to care for her son.

53. Plaintiff was entitled to take FMLA leave to care for her adult son who suffers from a serious health condition and is incapable of self-care because of a disability.

54. As a result of the serious medical condition of the Plaintiff's son, as set out above, Plaintiff made known to the Defendant her needs to take intermittent medical leave.

55. The Defendant was placed on notice by Plaintiff that her needs for leave may be for an FMLA-qualifying reason.

56. The Defendant denied or otherwise interfered with the Plaintiff's substantive rights under the Act by: (1) failing to provide Plaintiff with requisite FMLA paperwork, and/or (2) advising her of her rights under the statute, and/or (3) denying her the FMLA leave to which she was entitled.

57. The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of her employment in violation of the FMLA.

58. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, and injunction, and a declaratory judgment. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

59. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

60. The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## COUNT III

### INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

61. Plaintiff reavers and realleges the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

62. As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed within a 75 mile radius.

63. Plaintiff is a qualified individual under 42 U.S.C. § 12112(b)(4) as she

is the mother and primary care taker of her adult son who is 18 years of age or older and incapable of self-care because of a mental or physical disability. Her son's medical conditions/disabilities require ongoing medical attention and treatment and Plaintiff is needed to care for her son.

64. Plaintiff was entitled to take FMLA leave to care for her adult son who suffers from a serious health condition and is incapable of self-care because of a disability.

65. As a result of the serious medical condition of the Plaintiff's son, as set out above, Plaintiff made known to the Defendant her needs to take intermittent medical leave.

66. The Defendant was placed on notice by Plaintiff that her needs for leave may be for an FMLA-qualifying reason.

67. The Defendant denied or otherwise interfered with the Plaintiff's substantive rights under the Act by terminating the Plaintiffs' employment.

68. The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of her employment in violation of the FMLA.

69. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost

wages, lost benefits, and injunction, and a declaratory judgment. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

70. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

71. The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## COUNT IV

### DISCRIMINATION/RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

72. Plaintiff reavers and realleges the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein below.

73. As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed within a 75 mile radius.

74. Plaintiff is a qualified individual under 42 U.S.C. § 12112(b)(4) as she

is the mother and primary care taker of her adult son who is 18 years of age or older and incapable of self-care because of a mental or physical disability. Her son's medical conditions/disabilities require ongoing medical attention and treatment and Plaintiff is needed to care for her son.

75. Plaintiff was entitled to take FMLA leave to care for her adult son who suffers from a serious health condition and is incapable of self-care because of a disability.

76. As a result of the serious medical condition of the Plaintiff's son, as set out above, Plaintiff made known to the Defendant her needs to take intermittent medical leave.

77. The Defendant was placed on notice by Plaintiff that her needs for leave may be for an FMLA-qualifying reason.

78. As set out in detail above, the Defendant discriminated/retaliated Against the Plaintiff for having exercised or attempted to exercise her FMLA rights by terminating her employment.

79. The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of her employment in violation of the FMLA.

80. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost

wages, lost benefits, and injunction, and a declaratory judgment. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

81.     The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

82.     The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the defendant as follows:

A.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff, as secured by the Americans with Disabilities Act, and as secured by the Family and Medical Leave Act of 1993;

B.     Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the

defendant and at the defendant's request from continuing to violate the Americans with Disabilities Act, and the Family and Medical Leave Act of 1993;

    C.    Grant the plaintiff an order requiring the defendant to make her whole by awarding her reinstatement into the position(s) she would have occupied in the absence of the unlawful discrimination by the defendant with the same seniority, leave and other benefits of the position (or front pay), and back pay (with interest);

    D.    Grant plaintiff reinstatement and a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate plaintiff's rights as well as those of others who are similarly-situated pursuant to the ADA and the FMLA;

    E.    Grant plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing the defendant to reinstate all of plaintiff's employment benefits, including but not limited to her health insurance and retirement benefits, retroactive to the date of their cessation;

    F.    Grant plaintiff a declaratory judgment against the defendant that her termination violated the FMLA and ADA;

    G.    Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the defendant and in favor of the plaintiff for the monetary losses plaintiff sustained as a direct result of the defendant's termination of plaintiff in violation of the FMLA;

H. Grant plaintiff applicable compensatory, punitive and/or nominal damages, liquidated damages (FMLA), and interest;

I. Grant plaintiff her attorneys' fees and costs; and

J. Grant plaintiff such other relief as justice requires.

## JURY DEMAND

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY OF ALL CLAIMS ASSERTED HEREIN.**

Respectfully Submitted this 16th day of July, 2018.

s/Temple D. Trueblood
Temple D. Trueblood (TRUET0355)
Wiggins, Childs, Pantazis, Fisher & Goldfarb
The Kress Building
301 – 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205)
ttrueblood@wigginschilds.com

*s/Henry Brewster*
Henry Brewster (BREWH7737)
Henry Brewster, L.L.C.
205 N. Conception Street
Mobile, Alabama 36603
Telephone: (251) 338-0630
Facsimile: (251) 338-0632
hbrewster@brewsterlaw.net

Attorneys for Plaintiff

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                 s/ Temple D. Trueblood
                                 OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following: Summons, Amended Complaint.**

**Defendant's Address:**

Defendant may be served by certified mail as follows:

Home Choice of Alabama, Inc.
  d/b/a Springhill Home Health and Hospice
C/O Wesley C. Redmond
Counsel for Defendant
Ford Harrison, LLP
420 20th Street, Suite 2560
Birmingham, AL 35203
WRedmond@fordharrison.com

                                 s/ Temple D. Trueblood
                                 OF COUNSEL