# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| QUEEN BOYKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0281-WS-MU |
| | ) |
| HOME CHOICE OF ALABAMA, INC., | ) |
| d/b/a SPRINGHILL HOME HEALTH | ) |
| AND HOSPICE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant Home Choice of Alabama, Inc.'s Partial Motion to Dismiss (doc. 7). The Motion has been briefed and is now ripe.

**I.       Relevant Background.**

Plaintiff, Queen Boykin, brought this action against her former employer, Home Choice of Alabama, Inc., alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA"). As presently framed, Boykin's Amended Complaint sets forth four causes of action against Home Choice, three of which arise under the FMLA. Those FMLA claims, which are the subject of defendant's Rule 12(b)(6) motion, consist of the following: a claim of FMLA interference, asserting that Home Choice interfered with Boykin's rights by failing to provide her with FMLA paperwork, failing to advise her of FMLA rights, and denying her FMLA leave to which she was entitled (Count II); a claim of FMLA interference, asserting that Home Choice interfered with Boykin's rights by terminating her employment (Count III); and a claim of FMLA discrimination/retaliation, asserting that Home Choice retaliated against Boykin by terminating her employment for attempting to exercise her FMLA rights (Count IV). Home Choice now seeks dismissal of Counts II through IV, by challenging the sufficiency of the Amended Complaint to plead that Boykin was qualified to avail herself of FMLA leave, to plead prejudice for purposes of Count II, and to plead distinct causes of action for Counts III and IV.

According to the well-pleaded factual allegations of the Amended Complaint,[1] Boykin "is the principal caretaker and is needed to care for her dependent adult son, who suffers from permanent brain injury as a result of a car accident." (Doc. 5, ¶ 17.) The Amended Complaint further alleges that Boykin's "son's medical condition/disability requires specific care and renders him incapable of self-care because of a mental or physical disability." (*Id.*) Plaintiff's pleading also states that Boykin's "son required rehabilitation which he received twice a week with Easter Seals," and that Boykin needed "to take her son to/from his rehabilitation appointments due to the Plaintiff's need to care for her son due to his incapability of self-care because of a mental or physical disability." (*Id.*)

## II.      Analysis.

### *A.      Governing Legal Standard.*

To withstand Rule 12(b)(6) scrutiny and satisfy the minimum pleading requirements prescribed by Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly* / *Iqbal* principles demand that a complaint's

---

[1] For purposes of evaluating the Partial Motion to Dismiss, the Court accepts as true all well-pleaded factual allegations of the Amended Complaint, and draws all reasonable inferences in favor of Boykin. *See Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017) ("We must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff"); *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (on Rule 12(b)(6) review, courts "accept[] the facts alleged in the complaint as true" and "draw[] all reasonable inferences in the plaintiff's favor"). That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011); *see also Almanza*, 851 F.3d at 1071 ("On a Rule 12(b)(6) motion to dismiss, the Court does not accept as true unwarranted deductions of fact.").

allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, … but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted). The allegations "must … state a claim for relief that is plausible – and not merely possible – on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

### B. Whether Plaintiff Was Qualified to take FMLA Leave.

Boykin's FMLA claims are rooted in allegations that she required time off from work in order to care for her adult son, who has a serious health condition. On its face, the statute provides for FMLA leave entitlement for an eligible employee "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Under the FMLA, the term "son" is defined, in relevant part, to mean the employee's child who is "18 years of age or older and incapable of self-care because of a mental or physical disability." 29 U.S.C. § 2611(12)(B). Accompanying regulations expound on this definition as follows:

> "Incapable of self-care means that the individual requires active assistance or supervision to provide daily self-care in three or more of the activities of daily living (ADLs) or instrumental activities of daily living (IADLs). Activities of daily living include adaptive activities such as caring appropriately for one's grooming and hygiene, bathing, dressing and eating. Instrumental activities of daily living include cooking, cleaning, shopping, taking public transportation, paying bills, maintaining a residence, using telephones and directories, using a post office, etc."

29 C.F.R. § 825.122(d)(1).

In its Motion to Dismiss, Home Choice maintains that Boykin's Amended Complaint does not plead any viable FMLA claims because it "is devoid of any of the facts necessary to demonstrate that her son is incapable of performing daily self-care without active assistance or supervision." (Doc. 8, at 7.) Defendant would place a higher pleading burden on plaintiff than the Federal Rules of Civil Procedure require. Even in the wake of *Twombly* and *Iqbal*, "[t]o survive a Rule 12(b)(6) motion to dismiss, a complaint need not provide detailed factual allegations." *Patel v. Specialized Loan Servicing, LLC*, --- F.3d ----, 2018 WL 4559091, *5 (11th Cir. Sept. 24, 2018). Rather, all that is necessary is that the complaint "include enough

facts to state a claim to relief that is plausible on its face." *Checker Cab Operators, Inc. v. Miami-Dade County*, 899 F.3d 908, 915 (11th Cir. 2018). Boykin's Amended Complaint includes enough facts to state a plausible claim that she qualified for leave under the FMLA (*i.e.*, that she requires FMLA leave in order to care for an adult son who is incapable of self-care because of a mental or physical disability). Boykin's pleading achieves that objective by specifically alleging the following facts, among others: (i) Boykin's adult son suffers from a permanent brain injury as a result of a car accident; (ii) he requires specific care, ongoing medical attention and treatment, including rehabilitation on a twice-weekly basis; (iii) Boykin is his principal caretaker; and (iv) Boykin must transport him to his rehabilitation appointments. From such factual allegations, it is certainly plausible that Boykin has an adult son within the definition of the FMLA who is incapable of self-care because of a mental or physical disability. No further detailed factual allegations as to whether plaintiff qualified for FMLA leave are necessary in Boykin's Amended Complaint to assert plausible FMLA claims.

Home Choice's arguments to the contrary are not persuasive. As an initial matter, defendant suggests that Boykin's Complaint must plead with specificity facts confirming that the requirements of § 825.122(d)(1) are satisfied; however, such a notion is contrary to the well-settled principle that detailed factual allegations are unnecessary to overcome a Rule 12(b)(6) motion. A plaintiff is not required to allege in her pleading every single detail she would need to prevail on her claims at trial. Nor has Home Choice identified any decisional authorities holding that a pleading falls short of *Twombly* / *Iqbal* minimum requirements where it fails to plead with specificity the three ADLs or IADLs identified in § 825.122(d)(1) as prerequisites for an adult child to be considered "incapable of self-care."[2] As pleaded, Boykin has set forth sufficient facts

---

[2] The cases on which defendant relies stand for the proposition that merely stating the phrase "serious health condition," without identifying a specific illness, does not plead sufficient facts for an FMLA claim. (Doc. 8, at 7.) Here, by contrast, Boykin has identified with specificity the nature of her son's impairment (*i.e.*, permanent brain injury resulting from an automobile accident). That allegation, in concert with the other well-pleaded facts in her Amended Complaint, is sufficient to render it plausible that Boykin was qualified to take FMLA leave. Nor are defendant's citations to cases at the summary judgment stage applicable here (*see* doc. 8, at 6); after all, on Rule 56 review, a plaintiff's burden is substantially higher than at the Rule 12(b)(6) motion stage. *See, e.g., Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 23 (1st Cir. 1990) (motion to dismiss and motion for summary judgment "place different burdens on the parties at different times in the course of litigation").

to raise a plausible inference that her son is incapable of self-care, thereby rendering her "qualified" for purposes of unlocking FMLA leave rights. Defendant's objection that somehow it is deprived of "fair notice" of plaintiff's claims "[w]ithout facts of the manner in which Plaintiff's son is incapable of daily self-care" (doc. 8, at 8) is not convincing, and runs contrary to the applicable pleading standard as outlined above. The Court expressly finds that the Amended Complaint, as pleaded, furnishes Home Choice with fair notice of the grounds on which Boykin's claims rest, and satisfies the principles announced in the *Twombly / Iqbal* line of authorities. Dismissal of Counts II, III and IV is not warranted on the ground that Boykin has failed to plead more detailed facts identifying specific activities as to which her son is unable to care for himself (*i.e.*, that Boykin has failed to plead sufficiently that she is "qualified" for FMLA leave).

### C. *Count II and Allegations of Prejudice.*

Recall that Count II of the Amended Complaint asserts a claim that Home Choice interfered with Boykin's FMLA rights by failing to furnish her with appropriate paperwork, failing to advise her of her rights, and denying her FMLA leave. As pleaded, the relief sought by Boykin for Count II consists of "lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment." (Doc. 5, ¶ 60.)

As an alternative ground for the Motion to Dismiss, Home Choice argues that Count II must be dismissed because "[n]owhere in Count [II] or otherwise does Plaintiff allege any prejudice from these actions." (Doc. 8, at 8.) The FMLA provides that an employer who violates the non-interference provisions of 29 U.S.C. § 2615 "shall be liable to any eligible employee affected … for damages … and … for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1). Boykin's Count II is predicated on the private right of action set forth in § 2617. Moreover, the Supreme Court has explained that "§ 2617 provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost by reason of the violation, … for other monetary losses sustained as a direct result of the violation, … and for appropriate equitable relief." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002) (citations and internal quotation marks omitted); *see also Evans v. Books-A-Million*, 762 F.3d 1288, 1295 (11th Cir. 2014) ("To prove FMLA interference, [plaintiff] must demonstrate that she was denied a benefit to which she was entitled under the

FMLA, … and that she has been prejudiced by the violation in some way.") (citations and internal marks omitted).

Home Choice is correct that Boykin has not alleged any loss of compensation, benefits or monetary losses sustained as a direct result of the alleged interference (*i.e.*, failure to provide paperwork or advise her of rights, denial of FMLA leave). Nonetheless, it is not correct to equate a lack of allegations of legal damages with a lack of allegations of prejudice; indeed, the Eleventh Circuit has expressly opined to the contrary. *See Evans*, 762 F.3d at 1296 (rejecting notion that "an FMLA plaintiff must demonstrate that she is entitled to traditional damages" for interference claim to survive because "such a requirement would render meaningless the plain language of the FMLA, which makes clear that equitable relief may be available, separate and apart from legal damages"); *Demers v. Adams Homes of Northwest Florida, Inc.*, 321 Fed.Appx. 847, 849 (11th Cir. Mar. 20, 2009) (explaining that plaintiff could not recover monetary damages under § 2617 where defendant "violated the FMLA by denying her leave, but [plaintiff] cannot articulate any harm suffered from the denial," but that district court retained discretion as to equitable relief). Simply put, to satisfy the "prejudice" prong of an FMLA interference claim, a plaintiff "need only demonstrate some harm remediable by either 'damages' or 'equitable relief.'" *Evans*, 762 F.3d at 1296.

It is at least plausible at this early stage of the litigation that Boykin may be able to demonstrate some harm from the denial of her FMLA leave that may be remediable by equitable relief. Indeed, the Eleventh Circuit has cautioned that as to the equitable relief component of § 2617, "the court must consider the individual facts and circumstances of a plaintiff's case, and must not refuse even to consider equitable relief." *Evans*, 762 F.3d at 1296. Here, Boykin's Amended Complaint requests equitable relief in the form of an injunction and declaratory judgment to remedy Home Choice's refusal to allow her to take FMLA leave. At this preliminary stage, the Court has not formed, and cannot properly form, any opinion as to whether equitable relief is or is not appropriate as to Boykin's FMLA interference claim relating to Home Choice's alleged denial of leave and failure to provide paperwork and notice of her rights. Therefore, dismissal of Count II is not warranted at this time on a "no-prejudice" theory because the Court cannot foreclose the possibility that equitable relief may be appropriate in accordance

with *Evans*, even in the absence of legal damages. Defendant's Motion to Dismiss is properly denied as to the "no-prejudice" ground for dismissal of Count II.[3]

### D. *Whether Count III is Simply a Restatement of Count IV.*

Finally, Home Choice seeks dismissal of the FMLA interference claim set forth at Count III of the Amended Complaint on the ground that it "is basically the same allegations made in" the FMLA retaliation claim set forth at Count IV. (Doc. 8, at 9.) Count III alleges that Home Choice "denied or otherwise interfered with the Plaintiff's substantive rights under the Act by terminating the Plaintiffs' [*sic*] employment." (Doc. 5, ¶ 67.) By comparison, Count IV alleges that Home Choice "discriminated/retaliated [a]gainst the Plaintiff for having exercised or attempted to exercise her FMLA rights by terminating her employment." (*Id.*, ¶ 78.) In its Motion to Dismiss, Home Choice cites a single unpublished district court decision from this Circuit for the proposition that where an FMLA interference claim "is largely a clone" of a separate FMLA retaliation claim, the two claims merge and only the retaliation claim remains.

Even after reviewing the authority cited by Home Choice, it is not at all clear why an FMLA interference claim and an FMLA retaliation claim should or must merge into one at the Rule 12(b)(6) stage simply because they involve similar factual allegations (*i.e.*, the same adverse employment action). FMLA interference claims and FMLA retaliation claims are legally distinct, with different elements and burdens of proof. *See, e.g., Batson v. Salvation Army*, 897 F.3d 1320, 1331 (11th Cir. 2018) ("Unlike with an FMLA retaliation claim, to succeed on an FMLA interference claim an employee need only demonstrate by a preponderance of the evidence that she was entitled to an FMLA benefit that was denied.") (citation omitted); *White v.*

---

[3] In so concluding, the Court does not adopt Boykin's argument that Count II adequately pleads harm because plaintiff has "alleged that the Defendant's denial of her FMLA leave played a role in her termination." (Doc. 13, at 10.) Boykin has brought two separate FMLA interference claims, to-wit: (i) a claim that Home Choice interfered with her FMLA rights by failing to give her paperwork, advise her of her rights, or grant her leave (Count II); and (ii) a separate claim that Home Choice interfered with her FMLA rights by terminating her employment (Count III). Plaintiff's argument that the denial of FMLA leave was involved in her termination – and therefore counts as prejudice for Count II – conflates Counts II and III, whereas this aspect of the Motion to Dismiss is directed solely at Count II. The termination of Boykin's employment may constitute prejudice for purposes of Count III, but it cannot also constitute prejudice for Count II without fusing Counts II and III into a singular FMLA interference claim, which Boykin has not pleaded.

*Dixie*, 2018 WL 3343224, *10 (11th Cir. July 9, 2018) ("FMLA retaliation claims differ from interference claims in that, for retaliation claims, the employee must prove that the employer was motivated by impermissible retaliatory or discriminatory animus."). Where FMLA retaliation and interference claims are litigated together, "at trial, it remains the employer's burden to establish its affirmative defense by showing that it did not interfere with its employee's substantive rights under the FMLA by terminating the employee." *Batson*, 897 F.3d at 1331 n.6.

To be sure, if Home Choice shows that it would have terminated Boykin's employment regardless of any FMLA leave she took or requested, then both the FMLA interference and FMLA retaliation claims would fail as a matter of law; however, the mere potential similarity of a summary judgment analysis for the two claims does not necessitate perfunctory dismissal of the interference claim at the Rule 12(b)(6) stage. *See, e.g., Jones v. Aaron's Inc.*, 2018 WL 4203459, *8 (11th Cir. Sept. 4, 2018) ("Often, as alleged here by Jones, the same employment actions can form the basis for FMLA claims of interference and retaliation."); *White*, 2018 WL 3343224, at *10 ("Because undisputed evidence in the record demonstrates that Winn Dixie would have proceeded with White's termination regardless of his requests for FMLA leave, the district court did not err in granting summary judgment to Winn Dixie on his claims of FMLA retaliation and interference."); *Batson*, 897 F.3d at 1331-32 (recognizing that at summary judgment, "the analyses for an FMLA interference claim based on an employee's termination and an FMLA retaliation claim are essentially the same," but reversing summary judgment and allowing both claims to proceed to trial).

In light of the foregoing, the Court will not dismiss Count III merely because it hinges on the same adverse employment action as Count IV. The FMLA creates both interference and retaliation claims, and defendant has not shown that the former avenue is foreclosed as a matter of law whenever a plaintiff also pursues the latter.

**III. Conclusion.**

For all of the foregoing reasons, Defendant's Partial Motion to Dismiss (doc. 7) is **denied**. Defendant has already filed an Answer (doc. 10) to the Amended Complaint; therefore, it is appropriate for a Preliminary Scheduling Order to be entered at this time.

DONE and ORDERED this 26th day of October, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE