# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| QUEEN BOYKIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 18-0281-WS-MU |
| | ) |
| HOME CHOICE OF ALABAMA, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's First Amended Motion for Leave to Amend Answer (doc. 35). The Motion has been briefed and is now ripe.

**I.    Background.**

Plaintiff, Queen Boykin, brought this action against her former employer, Home Choice of Alabama, Inc., alleging violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). Boykin's claims are predicated on contentions that, *inter alia*, Home Choice "discriminated against the Plaintiff on the basis of the Plaintiff's relationship and association with an individual with a disability by subjecting her to disparate treatment and termination," and that Home Choice "discriminated/retaliated against Plaintiff for asserting her federally protected rights under the FMLA by subjecting her to disparate treatment and termination as a direct result of her need for FMLA leave." (Doc. 5, ¶¶ 28-29.) Simply put, Boykin's theory is that Home Choice terminated her employment because she requested accommodation and FMLA leave to care for her disabled adult son, who suffers from permanent brain injury as a result of a car accident.

In its First Amended Motion for Leave to Amend Answer,[1] Home Choice seeks leave to amend its Answer to add a Thirty-Third Defense, to-wit: "The Alabama Department of Labor's

---

[1]    Defendant filed this Motion on May 14, 2019, well in advance of the June 30, 2019 deadline fixed by the Rule 16(b) Scheduling Order for defendant to file a motion for leave to amend pleadings. (*See* doc. 21, ¶ 5.) The Scheduling Order also set a discovery completion (Continued)

May 30, 2017, finding that Plaintiff was discharged for misconduct collaterally estops Plaintiff from re-litigating the reason for her termination." (Doc. 35, Exh. A at 17.) Defendant explains that the Alabama Department of Labor denied Boykin's request for unemployment benefits based on an express finding that Home Choice terminated her employment for misconduct. Defendant further indicates that it now understands this determination has become final because any appeals from that administrative decision have concluded.

Plaintiff objects to this proposed amendment on both futility and delay grounds.

## II.      Analysis.

Defendant's Motion to Amend is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that, as a general proposition, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief." *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (citation and internal quotation marks omitted). In light of the relaxed 15(a) standard, "[d]istrict courts have limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Com'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citation and internal marks omitted); *see also Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial.") (citation omitted).

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (citation omitted); *see also Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) ("Leave may be denied because of undue delay, bad faith or dilatory

---

deadline of September 30, 2019. Defendant's Motion and proposed amendment would not jeopardize either of these settings.

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.") (citation and internal quotation marks omitted). In opposing Home Choice's Motion for Leave to Amend, Boykin invokes the futility and undue delay bases for denial. Each will be considered in turn.

As noted, leave to amend may properly be denied "when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). In the context of a motion to amend complaint, the Eleventh Circuit has explained that a proposed amendment is futile "when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted). "Translating that standard to the amended answer context, a finding of futility is, in effect, a legal conclusion that the proposed defense would necessarily fail." *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 535 (S.D. Ala. 2007); *see also Univalor Trust, SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 379 (S.D. Ala. 2016) (same); *Allied Portables, LLC v. Youmans*, 2016 WL 7104863, *2 (M.D. Fla. Sept. 16, 2016) (same). As the party opposing the amendment, Boykin bears the burden of establishing that the proposed amendment would be futile.[2] Thus, in order for futility to constitute a "substantial reason" to disallow Home Choice's proposed amendment, Boykin must show that defendant's proposed 33rd affirmative defense (relating to collateral estoppel) would necessarily fail as a matter of law.

---

[2] *See, e.g., Williams v. Epic Security Corp.*, 358 F. Supp.3d 284, 294 (S.D.N.Y. 2019) ("the party opposing the amendment bears the burden of showing prejudice, bad faith, and futility of the amendment") (citation and internal quotation marks omitted); *United States ex rel. Scott v. Pacific Architects and Engineers, Inc.*, 327 F.R.D. 17, 20 (D.D.C. 2018) ("Because amendments are to be liberally granted, the non-movant bears the burden of showing why an amendment should not be allowed.") (citation omitted); *Barraza v. C.R. Bard Inc.*, 322 F.R.D. 369, 391 (D. Ariz. 2017) ("The party opposing amendment bears the burden of showing prejudice, futility, or one of the other reasons for denying a motion to amend.") (citation and internal quotation marks omitted); *Heraeus Medical GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) ("The burden is generally on the non-moving party to demonstrate why leave to amend should not be granted.") (citation omitted); *Beech v. F/V Wishbone*, 2014 WL 6773966, *2 (S.D. Ala. Dec. 2, 2014) ("As a general rule, … courts place a heavy burden on opponents who wish to declare a proposed amendment futile.") (citations and internal quotation marks omitted).

It is well-settled that "when a state agency acting in a judicial capacity … resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, … federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *University of Tennessee v. Elliott*, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (citations omitted).[3] In Alabama, a state administrative agency's decision has preclusive effect when "(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision." *Wal-Mart Stores, Inc. v. Smitherman*, 743 So.2d 442, 445 (Ala. 1999) (citation omitted), *overruled on other grounds by Ex parte Rogers*, 68 So.3d 773, 781 (Ala. 2010). Courts applying these criteria under Alabama law have concluded that an employee found in an unemployment-compensation proceeding to have been discharged for misconduct is collaterally estopped, or precluded, from relitigating the reason for his or her discharge in subsequent litigation. *See, e.g., Wal-Mart Stores, Inc. v. Hepp*, 882 So.2d 329, 335 (Ala. 2003) ("Because all five elements of collateral estoppel are met, Hepp is estopped from relitigating in his retaliatory-discharge action the reason for his discharge."), *overruled on other grounds by Ex parte Rogers*, 68 So.3d 773, 781 (Ala. 2010); *Smitherman*, 743 So.2d at 448 ("The requirements for applying the doctrine of collateral estoppel … have been satisfied, and, thus, Smitherman is collaterally estopped from relitigating, in this retaliatory-discharge action, the reason for her discharge.").

In arguing that Home Choice's proposed 33rd affirmative defense of collateral estoppel / issue preclusion is futile, Boykin focuses on the second element (*i.e.*, identity of issues). Although she acknowledges that the relevant administrative decision included a specific determination that she was terminated for misconduct, Boykin maintains that "the Alabama Unemployment Compensation Act's definition of misconduct … is completely irrelevant and unhelpful in determining violations of the ADA and the FMLA," that she is not required to prove

---

[3] *See also Quinn v. Monroe County*, 330 F.3d 1320, 1329 (11th Cir. 2003) ("The preclusive effect applies even where the agency's fact-finding is not reviewed by a state court."); *Travers v. Jones*, 323 F.3d 1294, 1296 (11th Cir. 2003).

that her relationship to a person with a disability or her FMLA leave status were the sole reasons for her discharge in order to prevail on her ADA and FMLA claims (*i.e.*, misconduct could have been a reason for dismissal too), and that she could bring a viable ADA or FMLA claim even if she engaged in misconduct, if a similarly situated employee committed a similar infraction but was not discharged. (Doc. 38, at 4.) Notwithstanding her arguments, multiple federal district courts in this Circuit have concluded that identity of issues does exist in circumstances the same as or similar to Boykin's. *See, e.g., Franks v. Indian Rivers Mental Health Center*, 2014 WL 514130, *4 (N.D. Ala. Feb. 7, 2014) ("The issue before DIR was 'the reason for plaintiff's termination.' … This issue is the same for Franks's FMLA claims based on her termination. … Therefore, the court finds that this element is satisfied."); *Petty v. United Plating, Inc.*, 2012 WL 2047532, *12 (N.D. Ala. May 31, 2012) ("the issue before the Department of Industrial Relations was the same as the issue now before the court for plaintiff's FMLA interference claim: the reason for plaintiff's termination"); *see generally Ross v. Renaissance Montgomery Hotel & Spa at the Convention Center*, 2012 WL 1032618, *5 (M.D. Ala. Mar. 27, 2012) ("The more difficult question, however, is whether the state court's finding that the Renaissance Hotel fired him for misconduct bars him from claiming age discrimination under a pretext theory. This Court holds that it does.").[4]

The Court need not – and does not – make any conclusive determinations today about whether Home Choice's collateral estoppel defense will or will not prevail. Rather, the Court simply finds, based on the incomplete, skeletal arguments presented by the parties in briefing the Motion to Amend, that Boykin has not met her burden of showing futility of the proposed amendment. In other words, she has not shown that defendant's proposed 33rd affirmative defense would necessarily fail. The record does not show exactly what the administrative

---

[4] Boykin also relies on *Ross* in her opposition brief; indeed, it is the only case she cites in support of her argument that a "misconduct" finding under the Alabama Unemployment Compensation Act would not bar her claims under the FMLA and ADA. (Doc. 38, at 4.) The trouble is that Boykin cites and quotes from the Magistrate Judge's Report and Recommendation in *Ross*. *See Ross v. Renaissance Montgomery Hotel & Spa at Convention Center*, 2012 WL 1030323 (M.D. Ala. Feb. 27, 2012). Subsequent to the recommendation cited by Boykin, the District Judge in *Ross* expressly modified the Report and Recommendation to grant summary judgment to the defendant on issue preclusion grounds, such that the very language from the R&R on which Boykin relies was effectively rejected by the District Court in the final opinion. *Ross* therefore does not help plaintiff.

decision did or did not state, what findings were made, what evidence and arguments were considered, and so on. Nor does the record establish the specifics of the ALJ's misconduct determination. Moreover, as defendant aptly points out, Home Choice has not yet articulated its arguments for how the affirmative defense will work in this context (doc. 42, at 3); rather, plaintiff's opposition simply assumes that Home Choice will present that defense in a particular manner, without any apparent basis for doing so. Thus, Boykin would have this Court declare the proposed 33rd defense futile based on hypothetical arguments that defendant may or may not even assert. Such objections do not warrant a conclusion that this proposed defense must necessarily fail. And plaintiff has not come forward with supporting decisional authority to bolster her objection that collateral estoppel / issue preclusion cannot possibly apply here. Under the circumstances, the Court does not find at this time that the proposed amendment will necessarily fail as a matter of law. Accordingly, plaintiff's futility objection to the Motion to Amend is **overruled**.

Plaintiff also objects to the proposed amendment on timeliness grounds. It is well settled that "generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." *Engle*, 767 F.3d at 1109 (citation omitted). That said, "undue delay may clearly support such a denial." *Id.* "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend," and where the amendment would cause prejudice by further delaying the proceedings. *Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) (citations omitted).

In advancing her argument that the Motion to Amend is dilatory, Boykin insists that Home Choice was aware, or should have been aware, long before now of the finality of the administrative decision upon which its proposed 33rd affirmative defense rests. However, the circumstances of the proposed amendment are that Home Choice sought leave to add its collateral estoppel defense well before the close of discovery, well before the filing of dispositive motions, and well before the scheduling order deadline for motions to amend pleadings. Plaintiff's argument demonstrates mere delay, not undue delay. There is no conceivable prejudice that would accrue to Boykin by allowing this amendment now. Under these circumstances, the Court in its discretion declines to disallow the amendment on an "undue delay" theory. *See, e.g., Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1256-57 (11th Cir. 1998) (where plaintiffs filed motion for leave to amend prior to

scheduling order deadline, "[a]t most, their failure to request leave to file an amended complaint in late July instead of October supports a finding of 'delay,' not 'undue delay' or 'dilatory' action"); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment"); *Spottswood v. Stewart Title Guar. Co.*, 2010 WL 2595092, *2 (S.D. Ala. June 23, 2010) (where scheduling order deadline had not expired, months of discovery remained, and litigation was far nearer its inception than its conclusion, concluding that "[e]ven if plaintiffs are correct that [defendant] did not rush to the courthouse to add these proposed new affirmative defenses at the earliest possible moment, the Court perceives nothing about these circumstances that would substantiate a finding of undue delay or dilatoriness").

## III. Conclusion.

For all of the foregoing reasons, Defendant's First Amended Motion for Leave to Amend Answer (doc. 35) is **granted**. Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, Home Choice is **ordered**, on or before **June 27, 2019**, to file as a freestanding pleading its First Amended Answer, in substantially the same form as the proposed amended pleading appended to the Motion as Exhibit A.

DONE and ORDERED this 20th day of June, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE